FIELDING T. POWELL *et al.*, administrators, plaintiffs in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF ATLANTA, defendant in error.

There being evidence in this case to support the verdict, and the judge presiding having refused a new trial, we cannot say there was such abuse of his discretion as to call for the interference of this court.

New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1873.

Powell and others, the administrators of Chapman Powell, deceased, brought case against the Mayor and Council of the city of Atlanta for $1,500 00 damages, alleged to have been sustained on account of the construction by the defendant of certain defective sewers in said city, and its failure to repair the same, whereby plaintiffs' property was inundated, and a building in the course of erection, and the area wall enclosing the same, thrown down. The defendant pleaded the general issue. The evidence was, in substance, as follows:

Fielding T. Powell, sworn: Plaintiffs commenced the erection of a building on their land, situate in the triangle formed by Peachtree, Broad and Grubb streets, in the city of Atlanta. They had proceeded so far as to have completed the area stone wall of the cellar, and to have erected the interior brick wall to the height of about twelve feet. These walls were thrown down on most of the Grubb street line, say twenty-five or thirty feet, and part of the Broad street line, say four or five feet, by the flowing in of water upon said premises from said streets. Defendant had undertaken to build a sewer from a pond on the west side of Broad street to Grubb street, near to plaintiffs' building, and thence down Grubb street to Peachtree street, and thus to convey away the water accumulating on said streets. The earth on the portion of the streets referred to was all made earth, and therefore not as compact as if placed there by nature. When water flowed through said sewer, it being a dry sewer and not cemented, it fell through and permeated the made earth, and softened and undermined the plaintiffs' ground and building. This was demonstrated by experiment, for when the mouth of the sewer next to the pond was closed, no water appeared at plaintiffs' building, but when it was opened the contrary was the fact. There was also an old sewer several feet under the ground, that had been hidden from view by the elevation of Grubb street, across which it ran in the direction of plaintiffs' building. This old sewer was crossed near the surface by the new Grubb street sewer, and the new one, not being cemented, caused a larger volume of water to accumulate in said old sewer which ran in the

direction of plaintiffs' Grubb street end-wall. Water also ran into this sewer from under an old building across Grubb street on the south side. This old sewer did not reach nearer than within two feet of plaintiffs' area stone wall, but the softness of the made earth, together with the force of the accumulated waters, caused the break upon plaintiffs' building at that point. The new sewer, by its defective construction, and this old sewer, by its condition, did the damage. Witness notified the city engineer, W. B. Bass, and M. Mahoney, the chairman of the street committee, of the danger to the building about one week before the accident or injury. They promised to remove the danger, and Bass did come there and do some little work, but it did not amount to much. Mahoney never came about the place until the day the walls fell. The sewers were taken up and well cemented by the defendant after the injury, and now the building is perfectly secure.

The evidence as to the amount of the damage to the plaintiffs is omitted as immaterial.

John Boutell, the architect and superintendent of the building, corroborated the evidence of Powell.

The defendant introduced William W. McAfee, who testified, substantially, as follows :

Built the new sewer, as a contractor, for defendant. It was a dry rock culvert such as defendant almost invariably builds. It was about two feet high by two and a half feet wide. Mr. Bass, the city engineer, gave him the dimensions for it. The work was well done. The culvert was sufficiently large for the purposes for which it was intended. It was the kind of culvert ordinarily built to carry away such a volume of water. The overflow on plaintiffs' lot was due to the following facts: This culvert ran along the outside of the side-walk where the excavation was made. The ground at this point was made earth, and in digging said excavation the loose earth was thrown between the culvert and the wall to fill up a place that had caved in when the hole was being dug. This loose earth became wet and sunk down behind and against the area wall and caused it to fall in. It would never have occurred

had the loose dirt not been thrown between the wall and the culvert.

The old sewer ran across Grubb street, underneath the one built by witness, and emptied under some old buildings opposite to plaintiffs' lot. When plaintiffs cut it off in making their excavations the water could have backed up against the area wall, but whether it did this or not, witness cannot say. Did not cement the culvert, because it was not usual, and had no instructions to do so.

W. B. Bass, the city engineer, testified substantially as follows: Believes that most of the damage was caused by the accumulation of water in the old sewer from recent rains. His attention had been called by the plaintiffs to the threatened injury to the building some time before it occurred, and he made some efforts to remedy it by cutting a new ditch. There were various opinions as to the cause of the inundation.

M. Mahoney, sworn: Was chairman of the street committee during the year of the injury to plaintiff's property. Plaintiff, Powell, came to him on the day that the walls fell to have the danger removed. When they arrived at plaintiffs' lot the walls were in the act of falling; does not remember being notified at any other time of the threatened injury.

The jury found for the defendant. The plaintiffs moved for a new trial, because the verdict was contrary to the evidence. The motion was overruled, and plaintiffs excepted.

SIDNEY DELL, for plaintiffs in error.

W. T. NEWMAN, city attorney, for defendant.

TRIPPE, Judge.

Whilst we might have been better satisfied had the jury allowed damages to the plaintiffs in error, yet we cannot say that it is apparent the verdict was the result of passion, prejudice or other improper influence or motive, and that the judge who tried the case abused the discretion lodged in him by law in refusing to set it aside. Though there was strong

evidence showing that the damage to plaintiffs' building was caused by defective sewers, the testimony of the city surveyor and the contractor for building sewers was to the contrary. With this conflict in the evidence, the jury had to pass on the case, and the presiding judge having refused to interfere, we do not feel constrained to set aside their action.

Judgment affirmed.